# In the United States District Court
# for the District of Utah, Central Division

| | |
|---|---|
| WADE LEON WILLIS, <br><br> Petitioner, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | **ORDER** <br><br> Case No.  2:05 CV 1066 |

This matter is before the Court on petitioner Wade Leon Willis's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C § 2255.  This Court finds that a hearing would not be of material assistance.

Petitioner raises two issues: *First,* whether petitioner waived his right to challenge his sentence where the waiver only applied to constitutional grounds.  *Second*, whether *Booker* should be applied retroactively to petitioner's motion even though he was sentenced before *Booker* was decided.

As to the first issue, this Court finds that petitioner's claim must be read to include a statutory argument as well as a constitutional objection, and therefore his motion is not barred by his waiver.  As to the second issue, the Court finds that *Booker* is applicable to petitioner's collateral appeal because even though he was sentenced before *Booker* was decided, his Judgment did not become final until after *Booker* was decided.  Since § 2255 motions must be adjudicated using the law as it was when the judgment becomes final, this Court holds that petitioner's motion must be granted and petitioner must be resentenced under *Booker*.

## PROCEDURAL HISTORY

Petitioner was arrested in 2003 after the Utah County Major Crimes Task Force found a variety of drugs and guns in his home. Later, he was indicted on federal charges for Possession of a Firearm and Possession of Heroine and Cocaine with Intent to Distribute. He pled guilty to the firearm charge, and in exchange, the government dropped the drug possession charges and recommended a reduced sentence because petitioner took responsibility for his actions.

As part of the plea bargain, petitioner also agreed to be sentenced under the United States Sentencing Guidelines (hereinafter "the guidelines") and forfeited his right to raise constitutional challenges to his sentence, but he retained all other appeal rights. His waiver states in pertinent part:

> . . . I understand that the Supreme Court's decision in *Blakely v. Washington* [citation omitted] could be interpreted to require the United States to allege such facts in an indictment and prove such facts to a jury beyond a reasonable doubt.
>
> Understanding these issues, and having consulted with my attorney, I hereby agree to have my sentence *determined* under the United States Sentencing Guidelines, and *waive my right* to challenge the validity of those guidelines. I also hereby waive any and all rights I may have under *Blakely*. . . .

(Pet. SAP ¶ 11(e)) (emphasis added).

In December 2004, petitioner was sentenced to ninety-two months, which was the low end of the guideline range. During sentencing, this Court applied the then mandatory sentencing guidelines, but remarked that the sentence was unduly harsh: "I think this seems like a very difficult sentence, but it's the best sentence I'm allowed to give you. It's the low end of the guidelines. . . ." (Sentencing T. at 12:23-25).

Petitioner's final Judgment of Conviction was entered on January 5, 2005. Thus, under the ten-day rule, his Judgment did not become final until January 19, 2005 – seven days after the Supreme Court decided *United States v. Booker. See* Fed. R. App. P. 4(b)(1)(A).

## ANALYSIS

**I. <u>Petitioner did not waive his right to collaterally attack his sentence.</u>**

As a threshold issue, the Court must determine whether petitioner waived his right to bring this collateral appeal. As noted, he agreed to be sentenced "under the United States Sentencing Guidelines," and he also "[waived his] right to raise any constitutional challenges to the validity of those Guidelines." (Stmt. in Adv. of Plea 5).

Appellate waivers are construed in accord with contract principles. *United States v. Taylor*, 413 F.3d 1136, 1151 (10th Cir. 2005). Thus, since the government drafts plea agreements, courts must construe them narrowly and resolve all ambiguities in petitioner's favor. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (citing *United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003)). However, while petitioners are generally given the benefit of the doubt, a reviewing court must still ensure that the government receives "the benefit of their bargain." *Hahn*, 359 F.3d at 1325 (citations omitted).

The government claims that petitioner waived his right to bring this instant appeal because his appeal focuses on constitutional issues. Their contention has force. Petitioner entitled his first ground for appeal "My Sixth Amendment Constitutional rights were violated by a mandatory [sic] imposed sentence under 18 U.S.C. § 3553." (Pet. Mot. at 5). His argument suggests that the Court should review the constitutionality of his sentence de novo. *Id.* at Continuation Page 1. Hence, a quick read of petitioner's motion seems to suggest that it is barred since its focuses on the very constitutional issues he agreed not to appeal.

3

However, a finer – and more deferential – reading of petitioner's motion leads this Court to the opposite conclusion.  First, petitioner has raised a non-constitutional challenge to his sentence.  The Tenth Circuit has distinguished between appeals based upon constitutional arguments arising from *Booker* and *Blakely* and non-constitutional errors.  Constitutional errors occur when a court uses judicially found facts to determine a sentence.  Courts commit non-constitutional errors when the guidelines are applied "in a mandatory fashion as opposed to a discretionary fashion."  *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731-732 (10th Cir. 2005).[1]  Therefore, even if the petitioner's motion focuses on the constitutionality of his sentence, he may still maintain a collateral appeal if he alleges that the Court applied the federal sentencing guidelines in a mandatory fashion after *Booker* rendered the guidelines advisory.  This Court considers that petitioner's § 2255 motion must be read to include just such an allegation.[2]  In this regard, petitioner argues that "a sentencing court is still required to compute the applicable guideline range, complete with judge rendered factual findings, but need not impose a sentence within the range if the other sentencing considerations warrant a different sentence or contrary result . . .."  (Pet.'s Mot. Continuation Page 1).  Petitioner also argues that the guidelines must be applied in an "advisory fashion" and alleges that this Court "exercised the mandatory compliance provisions of the Sentencing Reform Act."  *Id*. at Continuation Page 1.

---

[1] A long line of Tenth Circuit cases follow the *Gonzalez-Huerta* distinction.  *See United States v. Andrews*, 447 F.3d 806, 810-811 (10th Cir. 2006) (analyzing a *Booker* issue under the *Gonzalez-Huerta* constitutional and non-constitutional framework); and *United States v. Najar*, 451 F.3d 710, 720-721 (10th Cir. 2006) (recognizing *Gonzalez-Huerta*'s definition of non-constitutional errors but dismissing the appeal because the *Booker* error was not preserved).

[2] This court liberally construes the *pro se* petitioner's instant motion*.  See Binford v. United States*, 436 F.3d 1252, 1253 (10th Cir. 2006) (citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520-521 (1972) (holding that pleadings of *pro se* prisoners are held to "less stringent standards" than those prepared by trained attorneys).

These arguments all focus on this Courts application of the sentencing guidelines "in a mandatory fashion," not on judicial fact finding. *Gonzalez-Huerta*, 403 F.3d at 731-732. Therefore, under settled Tenth Circuit precedent, this Court must allow petitioner's non-constitutional § 2255 motion notwithstanding his waiver of appellate rights.[3]

Additionally, petitioner only agreed to have his sentence *imposed* under the sentencing guidelines; he did not waive his right to *collaterally challenge* that sentence. The government argues that the agreement is a tacit acknowledgment that the sentence will be both imposed under the guidelines and accepted by the petitioner. However, this Court may not draw such inferences in the government's favor. Several circuits have addressed the same issue and reached the same result. For instance, in *United States v. Amiker* the Sixth Circuit held that if a defendant agrees to be sentenced under the guidelines, he may still challenge the sentence under *Booker*. 414 F.3d 606, 607-608 (6th Cir. 2005), s*ee also United States v. Hamdi*, 432 F.3d 115, 127 n.12 (2d Cir. 2005); and *United States v. Reyes-Celestino*, 443 F.3d 451, 453 (5th Cir. 2006).

Finally, the instant case is distinguishable from *United States v. Green*. There, the Tenth Circuit enforced a waiver of appellate rights in which defendant abandoned "*all* appellate rights" not argued before the trial judge. 405 F.3d 1180, 1189. However, the defendant in that case agreed to be sentenced under the guidelines as they were when the court could only "depart from those guidelines under some circumstances." *Id*. at 1189-1190. In the case at bar, petitioner's waiver contained no such language. He only agreed to be sentenced under the United States Sentencing Guidelines, not the guidelines as they existed at a certain point in time. Since all ambiguity must be read in the petitioner's favor, this Court finds that petitioner did not waive

---

[3] However, the court will not consider the merits of petitioner's other constitutional objections, as they do fall within the wavier's unambiguous language

his right to collaterally attack his sentence because he has presented a non-constitutional error argument under *Booker*.

## II. **Petitioner's motion must be granted because his sentence was determined under the mandatory guidelines.**

Having decided that petitioner may challenge the method in which his sentence was determined, this Court must now decide what law ought to govern this collateral appeal. Petitioner was sentenced before the Supreme Court decided *Booker*, but his judgment did not become final until after *Booker* had been decided. Therefore, this Court must decide whether to apply the version of 18 U.S.C. § 3553 in effect when petitioner was sentenced and his judgment was entered, or how it existed when his judgment became final. The *Booker* decision does require courts to apply the sentencing guidelines in an advisory fashion.[4] This Court holds, and the government does not challenge, that petitioner should not have been sentenced under the mandatory provisions of the Federal Sentencing Reform Act.

*Booker* is not retroactively applicable to cases on direct or collateral appeal when the judgment was final before *Booker* was decided.[5] *United States v. Booker*, 543 U.S. 220, 266 (2005), *United States v. Bellamy*, 411 F.3d 1182, 1186-1188 (10th Cir. 2005). However, as mentioned, petitioner's judgment was not final until seven days after *Booker* was decided.[6] Therefore, under Supreme Court precedent, this Court must adjudicate petitioner's habeas

---

[4] The United States has admitted that the post-*Booker* version of the statute would apply. However, this Court will still explain its reasoning.

[5] A judgment is final if "the availability of a direct appeal has been exhausted and . . . the time for filing a petition for certiorari has elapsed." *Bellamy*, 411 F.3d at 1186-1187. When cases are not directly appealed, judgments become final ten days after they are entered. *Id.*, Fed. R. App. P. 4(b)(1)(A).

[6] This Court executed petitioner's Judgment on January 5, 2005. Thus, it did not become final until January 19, 2005 (excluding holidays and weekends). The Supreme Court issued the *Booker* opinion on January 12, 2005.

6

petition using the law after *Booker*. In *Teague v. Lane*, the Supreme Court held that § 2255 motions should be adjudicated using the law as it was when petitioner's judgment became final. 489 U.S. 288, 309-311 (1989). Since collateral review is meant to force sentencing courts to "toe the constitutional line," courts should apply the law as it was when the judgment became final. *Id.* Under this rule, petitioners enjoy the same constitutional advantages they would have had on direct appeal.

When petitioner's judgment became final, *Booker* was the law of the land. Therefore, his sentence was illegally imposed because this court treated the guidelines as mandatory after *Booker* severed 28 U.S.C. § 3553(b)(1) – the mandatory enforcement provision – from the sentencing regime. *Booker*, 543 U.S. at 258. Accordingly, it is

ORDERED, that petitioner's Motion to Vacate, Set Aside, or Correct Sentence is GRANTED; it is

FURTHER ORDERED, that counsel for the government and counsel for petitioner appear for a Status Conference to set resentencing on <u>March 1, 2007 at 11:45 a.m</u>.

DATED this <u>5</u>th day of <u>January</u>, 2007.

_____
J. THOMAS GREENE
UNITED STATES DISTRICT JUDGE